**Robert RIGGS, Petitioner–Appellant,**

v.

**Craig HANKS, Respondent–Appellee.**

No. 00–2783.

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 5, 2001[*].

Decided Feb. 6, 2001.

---

Before EASTERBROOK, MANION, DIANE P. WOOD, Circuit Judges.

## ORDER

Robert Riggs, an Indiana prisoner, filed a petition for a writ of habeas corpus, 28 U.S.C. § 2254, challenging his loss of good time credits after a disciplinary hearing. The district court dismissed his petition, and we affirm.

Riggs alleges the following which because his petition was dismissed we take to be true. In February 2000, an argument between Riggs and cellmate James Kelly resulted in Kelly kicking Riggs in the head. At that point, a guard identified as "D. Rose" called the inmates out of their cell and to his desk. While Riggs and Kelly were standing at the desk, Kelly swung at Riggs, who then punched Kelly in self defense. Rose wrote up both in-

concluded that oral argument is unnecessary. Accordingly, the appeal is submitted on the appellant's brief and the record. *See* Fed. R.App. P. 34(a)(2).

mates for fighting, and the prison's Conduct Adjustment Board (CAB) later found Riggs guilty of fighting, demoted him from credit class I to credit class II, and reduced his good time credits by 90 days.[1] Riggs' administrative appeals were denied.

In his § 2254 petition, Riggs alleged that his punishment violated his due process rights because he was acting in self defense and because Kelly did not get disciplined even though he was the aggressor. The district court dismissed Riggs' petition, and then properly denied as unnecessary Riggs' request for a certificate of appealability. *See Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir.2000). On appeal, Riggs argues that the CAB's decision was improper because it was not supported by the evidence, the CAB refused to consider his claim of self defense, and the CAB failed to find Kelly guilty of fighting.

■ We note first that Riggs has a protected liberty interest in good time credits. *See* Ind.Code § 35–50–6–5; *McPherson v. McBride*, 188 F.3d 784, 785 (7th Cir.1999). Therefore, Riggs was entitled to minimal due process safeguards before the credits could be revoked. These safeguards include advance written notice of the charges, a hearing before an impartial body, the opportunity to present evidence and call witnesses, and a written statement of the evidence and reasoning relied upon. *See Wolff v. McDonnell*, 418 U.S. 539, 563–71, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974).

■ Riggs has not shown a violation of his due process rights. First, his challenge to the evidentiary basis of the CAB's decision fails because his own complaint demonstrates that there was at least "some" evidence to support the decision.

*See Superintendent, Mass. Correctional Inst. at Walpole v. Hill*, 472 U.S. 445, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985). Though Riggs never provided the district court a copy of the CAB's decision, he acknowledges in his complaint that he struck Kelly in front of Rose, and that Rose filed a conduct report based on this incident. *See McPherson*, 188 F.3d at 786 (disciplinary report alone is sufficient to support CAB's decision).

■ Second, the CAB was under no constitutional obligation to allow Riggs' claim of self defense to serve as a complete defense to the charge of fighting. *See Rowe v. DeBruyn*, 17 F.3d 1047, 1052–53 (upholding Indiana Department of Corrections' refusal to recognize self defense as a complete defense in prison disciplinary proceedings). Riggs asserts on appeal that the CAB acted improperly by not mitigating his sentence on the basis of self defense. *See Rowe*, 17 F.3d at 1053 (noting that IDOC policy allows for consideration of self defense in mitigation). This argument, however, was not raised before the district court and therefore is waived. *See Schoenfeld v. Apfel*, 237 F.3d 788, 793 (7th Cir.2001).

■ Finally, that Kelly was not punished for fighting does not establish that Riggs' rights were violated; unless the disparity rests on improper criteria such as race (which Riggs has not alleged), the failure to punish one individual does not suggest the invalidity of another's conviction. *Cf. United States v. Palumbo Brothers, Inc.*, 145 F.3d 850, 865 n. 9 (7th Cir. 1998); *United States v. Sandoval–Curiel*, 50 F.3d 1389, 1394 (7th Cir.1995) ("It is well established that the government retains broad discretion in determining what

---

1. Riggs alleges in his appellate brief that he lost 135 days of good time credits, but he only alleged the loss of 90 days in his complaint.

persons to prosecute and what charges to bring against those persons.").

For the foregoing reasons, we AFFIRM the dismissal of Riggs' petition for a writ of habeas corpus.